Victor Parsons #123589
Name and Prisoner/Booking Number

ASPC - LEWIS - RAST UNIT
Place of Confinement

P.O. Box 3600
Mailing Address

BUCKEYE, AZ. 85326
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ✓   LODGED
RECEIVED   COPY

AUG 17 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Victor Antonio Parsons
(Full Name of Petitioner)
Petitioner,

vs.

Charles L. Ryan
(Name of the Director of the Department of
Corrections, Jailor or authorized person having
custody of Petitioner)

Respondent,
and
The Attorney General of the State of Arizona

Additional Respondent.

CASE NO. 4.09cv446-CKJ--JM
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Pima County Superior Court
110 W. Congress
Tucson, AZ. 85701-1348
   (b) Criminal docket or case number: CR-20003625

2. Date of judgment of conviction: June 14, 2001

3. In this case, were you convicted on more than one count or crime? Yes ☑   No ☐

Revised 3/9/07

1

**530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

1. aggravated assault with a deadly weapon or dangerous instrument
2. aggravated assault causing serious physical injury

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

Count 1 = 10 years
Count 2 = 10 years
      Both Sentences to run concurrent

6.  (a) What was your plea?
    Not guilty                    ☑
    Guilty                        ☐
    Nolo contendere (no contest)  ☐

    (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____
    _____
    _____
    _____

    (c) If you went to trial, what kind of trial did you have?  (Check one)   Jury ☑       Judge only ☐

7.  Did you testify at the trial?     Yes ☑       No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
    Yes ☑    No ☐

    If yes, answer the following:

    (a) Date you filed: Dec. 8, 2005

    (b) Docket or case number: 2 CA-CR 2005-0198

    (c) Result: Sentenced Affirmed

    (d) Date of result: Aug. 19 2006

    (e) Grounds raised: #1. Can elements of one way of committing an offense be used to aggravate the sentence for another form of the offense? Does this violate the requirement for concurrent sentences when offenses are committed at the same time by increasing the length of the sentence for one offense by the factors of a second offense committed at the same time?

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

#2. For purposes of "Blakely v. Washington", 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is criminal history or criminal record different from prior convictions and must it therefore be determined by a jury before it can be used as an aggravating factor?

#3. In fundamental error review under "State v. Henderson", 210 Ariz. 561, 115 P.3d 601 (2005), can a court determine that a reasonable jury would find an aggravating factor, violence, that is at most a heightened degree of the inherent nature of the offense, in this case assault with a deadly weapon or assault causing physical injury? If so, can a court find that a jury would have found the offense was violent when violence was not argued by the prosecution to be an aggravating factor, nor included in the statutory list of aggravating factors?

2-A

9.  Did you appeal to the Arizona Supreme Court?      Yes ☑      No ☐

If yes, answer the following:

(a) Date you filed: Sept. 14, 2006

(b) Docket or case number: NONE Given only Div 2 of Appeals Ct (2 CA-CR 2005-0198)

(c) Result: Review Denied

(d) Date of result: (?)

(e) Grounds raised: Some grounds as in Direct Appeal

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

10.  Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐      No ☑

If yes, answer the following:

(a) Date you filed: _____

(b) Docket or case number: _____

(c) Result: _____

(d) Date of result: _____

(e) Grounds raised: _____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

11.  Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?      Yes ☑      No ☐

If yes, answer the following:

3

(a)  First Petition.

    (1)  Date you filed: April. 30 , 2007

    (2)  Name of court: Pima County Superior Court

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): Rule 32

    (4)  Docket or case number: CR-20003685

    (5)  Result: No issues / dismissed Rule-32

    (6)  Date of result: Aug. 20 , 2008

    (7)  Grounds raised: None, I found no grounds to raise

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(b)  Second Petition.

    (1)  Date you filed:

    (2)  Name of court:

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus):

    (4)  Docket or case number:

    (5)  Result:

    (6)  Date of result:

    (7)  Grounds raised:

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(c)  Third Petition.

  (1)  Date you filed: _____

  (2)  Name of court: _____

  (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

  (4)  Docket or case number: _____

  (5)  Result: _____

  (6)  Date of result: _____

  (7)  Grounds raised: _____
  _____
  _____
  _____
  _____
  _____

  **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

  Arizona Court of Appeals:                    Arizona Supreme Court:

  (1)  First petition:   Yes ☐   No ☑          Yes ☐   No ☑

  (2)  Second petition:  Yes ☐   No ☐          Yes ☐   No ☐

  (3)  Third petition    Yes ☐   No ☐          Yes ☐   No ☐

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _I found_
  _no grounds for a rule-32. Only ~~reason~~ pursuing grounds_
  _set forth from Direct Appeal._
  _____
  _____
  _____
  _____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.**  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

  **CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Use as an Aggravating Factor of an Element of One Form of Assault to Aggravate the Sentence for Another Form of Aggravated Assault is Improper

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

Two forms of aggravated assault under Arizona Statue are not seperate offenses but rather seperate ways of committing the same offense. Legislature's intent is in clear words of the statue and proof to my arguement. "Physical injury" and "dangerous weapons" are merely elements of the single offense of aggravated assault, and physical injury cannot be used to aggravate assault with a deadly weapon or the other way around. In the present case, Mr. Parsons' single attack on the victim is penalized as two different forms of aggravated assault.

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals? Yes ☑    No ☐

(c) If yes, did you present the issue in a:
    Direct appeal    ☑
    First petition    ☐
    Second petition    ☐
    Third petition    ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: ____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court? Yes ☑    No ☐

GROUND TWO: "Criminal History" is Different from "Prior Convictions" and must Be Determined by a Jury before it can be Used to Aggravate a Sentence. Even if a prior conviction can be found by a judge, the remaining factor, the violence of the attack, must be determined by a Jury.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Parsons sentence was imposed in violation of His 6th Amendment Right to a Trial by Jury and Proof of the Aggravating Factors beyond a Reasonable Doubt. The trial court found as aggravating circumstances "the defendant's prior record, that this was a violent attack, that a weapon was used with serious injuries resulting to the victim". In 2000 the U.S. Supreme Court held that "other then the fact of the prior conviction, any factor that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." This did not take place. The trial court cited one aggravating factor "the defendant's prior criminal record". Notably, the trial court did not say that it was considering the prior conviction, even though this was cited by the prosecution as a reason for aggravation. As noted above, the prosecutor and the writer of the presentence report referred to "criminal history". Criminal history and criminal record are merely interchangeable terms. They both imply more than the mere fact of a prior conviction. For example, the presentence report and the arguements of the prosecutor both claimed that Mr. Parsons was a dangerous and a risk to the community. ~~Mr. Parsons was a danger~~ The sentencing court may well have meant this when it said criminal record. Someone with a record of certain kinds of offense may be deduced to be dangerous or a risk to the community, but both of these things are subjective conclusions from the record. Prior convictions may be (cont.)

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals? Yes ☑   No ☐

(c) If yes, did you present the issue in a:
Direct appeal ☑
First petition ☐
Second petition ☐
Third petition ☐

(d) If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: _____
_____
_____
_____
_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court? Yes ☑   No ☐

7

Ground Two (a-cont.)

circumstantial evidence of these things, but the
deduction must be made by a jury. Indeed, the
mere fact that prior convictions exist does not
necessarily indicate dangerousness, because the
earlier offense are not necessarily the same
nature as the current offense. The only prior
conviction actually mentioned in the record in this
case was theft of a car. This has no clear relationship
to dangerousness or risk to the community.

7-A

GROUND THREE: For the Purposes of "Henderson" Fundamental Error Review, a Court Cannot Determine Beyond a Reasonable Doubt That a Jury Would Find a Subjective, Non-enumerated Aggravating Factor Such as the Violence of an Inherently Violent Aggravated Assault with Serious Physical Injury.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
The court of appeals erred in finding that it was not fundamental error for the sentencing court to consider the violence of Mr. Parsons' attack on ~~Pan Portable~~ Mr. Dickanoff (the victim) as an aggravating factor. As noted in previous court ~~age~~ the court held that failing to submit an issue to the jury is fundamental error, and that the issue is prejudice, evaluate under the standard of whether "a reasonable jury applying the appropriate standard of proof, could have reached a different result than did the trial judge" -HENDERSON. Courts evaluate objective aggravating factors such as the age of the victim, whether there was infliction or threatened infliction of serious physical injury, and whether there was physical & emotional harm to the victim. These factors can be established through testimony, However, violence is not the same. Assault with a deadly weapon or causing serious physical injury is necessarily violent, and the legislature has taken this into account in setting the sentence. Although violence is not an explicit element in assault, it is implicit and therefore, like explicit elements should at most be used if it exceeds the normal extent for the offense. This is a subjective issue for the jury to decide, and a reasonable jury could have come to a different result then the trial judge.

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals? Yes ☑    No ☐

(c) If yes, did you present the issue in a:
Direct appeal ☑
First petition ☐
Second petition ☐
Third petition ☐

(d) If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court? Yes ☑    No ☐

8

GROUND FOUR: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐       No ☐

(c)  If yes, did you present the issue in a:

       Direct appeal          ☐
       First petition          ☐
       Second petition        ☐
       Third petition          ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

(e)  Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐       No ☐

Please answer these additional questions about this petition:

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐          No ☑

   If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available: _____
_____
_____
_____
_____
_____

14.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐          No ☑

   If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____
_____
_____
_____
_____
_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?      Yes ☑          No ☐

   If yes, answer the following:

   (a) Name and location of the court that imposed the sentence to be served in the future:
   Pima County Superior Court
   110 W. Congress
   Tucson, AZ 85701 - 1348
   _____

   (b)  Date that the other sentence was imposed: 8/01 _____

   (c)  Length of the other sentence: 4 yrs. _____

   (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?      Yes ☑          No ☐

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: Remand for resentencing of a presumptive term of 7 yrs. the applicable appropriate sentence given the charges.

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __8-10-09__ (month, day, year).

_____
Signature of Petitioner

_____          _____
Signature of attorney, if any                  Date

11