# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor A. Parsons,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>            Respondents. | CV 09-0446 TUC-CKJ (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner Victor A. Parson's Petition for Writ of Habeas Corpus [Docket No. 1]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. Respondents filed their answer on December 10, 2009 [Docket No. 8]. Petitioner filed his reply on January 28, 2010 [Docket No. 12]. Additionally, Petitioner has filed a Motion to Stay [Docket No. 11], which is also addressed herein. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the motion to stay and dismiss the Petition with prejudice.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 14, 2001, a jury in Pima County found Parsons guilty of aggravated assault, deadly weapon/dangerous instrument, and aggravated assault, serious physical injury. (Ex. A.)[1] The Arizona Court of Appeals described the facts underlying the convictions as follows:

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Write of Habeas Corpus.

> Parsons's convictions arose from a domestic dispute with his girlfriend in July 2000, in which a neighbor attempted to intervene. When the neighbor, D., saw Parsons arguing with his girlfriend and pressing his knee into her shoulder, D. sprayed pepper spray on Parsons. Parsons then stabbed D. five times with a "nine inch hunting knife," causing injuries that included a collapsed lung.

(Ex. C, pp. 2.)

At sentencing, the trial court determined the offenses were of a dangerous nature pursuant to former A.R.S. § 13-604. (*Id.*, p. 3, 4.) The court also found the following aggravating factors for both offenses: "the defendant's prior criminal record, that this was a violent attack and a weapon was used which caused serious injuries to the victim." (*Id.*) The court found no mitigation and imposed concurrent, aggravated terms of imprisonment totaling 10 years. (*Id.*)

On September 20, 2001, Petitioner filed a timely notice of appeal from the judgment and sentence. The Arizona Court of Appeals dismissed the notice of appeal based on a clerical error but reinstated the appeal on August 15, 2005, following Petitioner's motion for reconsideration.[2] On December 8, 2005, Petitioner filed an opening brief on direct appeal raising two arguments:

1. The trial court improperly aggravated Mr. Parsons' sentence because a weapon was used and because serious injuries resulted, both of which are elements of the offenses of conviction and therefore excluded as aggravating factors by A.R.S. § 13-702(C)(1) & (2).

2. Mr. Parsons' sentence was imposed in violation of his Sixth Amendment Right to a trail by jury and proof of aggravating factors beyond a reasonable doubt.

(Ex. B, p. ii.)

By Memorandum Decision filed August 18, 2006, the Arizona Court of Appeals affirmed Petitioner's convictions. (Ex. C.) Addressing Petitioner's first argument, the court

---

[2] These facts are taken from Respondents' Answer. The notice of appeal and documents reflecting the reinstatement of the appeal are not included in Respondents' exhibits. However, Petitioner has stipulated to the accuracy Respondents' rendition of the factual and procedural history of this case. *See Reply*, p. 2.

2

stated that Petitioner:

> correctly points out that A.R.S. § 13-702(C)(1) requires a court to consider as an aggravating circumstance the "[i]nfliction or threatened infliction of serious physical injury, *except if this circumstance is an essential element of the offense of conviction* or has been utilized to enhance the range of punishment under 13-604." *See* 1999 Ariz. Sess. Laws, ch. 261, § 8 (emphasis added). Likewise, he correctly notes the parallel provision of § 13-702(C)(2) requiring a court to consider as an aggravating circumstance the use or possession of a deadly weapon or dangerous instrument as an aggravating circumstance, again, *except* in those cases in which it is an element of the offense or it has been used to enhance the sentencing range. Based on § 13-702(C), we agree with Parsons that the trial court erred by considering the use of a deadly weapon as an aggravating circumstance on count one and the infliction of serious injury as an aggravating circumstance on count two.

(Ex. C, p. 3.) Despite finding error, the court concluded that Parsons had not established that the error was prejudicial or fundamental. (Ex. C. P. 5.) Accordingly, the claim was denied.

Turning to Petitioner's second argument, the court found that the trial court's consideration of the infliction of serious physical injury as an aggravating factor in relation to count one was proper because, "[t]hat factor was found beyond a reasonable doubt by the jury when it found Parsons guilty on count two." (*Id.*, p. 7.) However, in relation to count two, the court determined that:

> the jury's count one finding that Parsons had used a deadly weapon did not supply a viable *Blakely*-compliant aggravator [on count two]. Although not an element of the offense on count two, Parsons's use of a deadly weapon had already been used to enhance the range of punishment based on the jury's finding that the offense was dangerous. *See* § 13-604(I); 1999 Ariz. Sess. Laws, ch. 261, § 5. The court's consideration of that factor thus violated § 13-702(C)(2).

(*Id.*, p. 7.) Despite this violation, the Court of Appeals found no denial of Petitioner's Sixth Amendment right to a jury determination of aggravating factors because

> a reasonable jury would have found Parsons's actions constituted a "violent attack," and because the existence of only one aggravating circumstance was sufficient to expose him to a sentence up to and including the statutory aggravated maximum, . . ., Parsons has failed to show he was prejudiced by the fact that a jury had not found the aggravating factors the court considered.

3

(Ex. C., pp. 8-9.) The court thus found no basis to reverse and Petitioner's sentence on count two was also affirmed.

Petitioner then filed a petition for review by the Arizona Supreme Court wherein he raised the following three issues for review:

1. Can elements of one way of committing an offense be used to aggravate the sentence for another form of the offense? Does this violate the requirement for concurrent sentences when offenses are committed at the same time, but increasing the length of the sentence for one offense by the factors of a second offense committed at the same time?

2. For purposes of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is criminal history or criminal record different from prior convictions and must it therefore be determined by a jury before it can be used as an aggravating factor?

3. In fundamental error review under *State v. Henderson*, 210 Ariz. 561, 115 P.3d 601 (2005), can a court determine that a reasonable jury would find an aggravating factor, violence, that is at most a heightened degree of the inherent nature of the offense, in this case assault with a deadly weapon or assault causing physical injury? If so, can a court find that a jury would have found the offense was violent when violence was not argued by the prosecution to be an aggravating factor, nor included in the statutory list of aggravating factors?

(Ex. D, p. 3.) The Arizona Supreme Court denied review without comment on March 13, 2007. (Ex. E.)

On May 1, 2007, Petitioner field a notice of post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Ex. F.) On November 7, 2007, appointed counsel filed a notice of review stating counsel had found no claims for relief to raise in Rule 32 post-conviction proceedings and requesting additional time for Petitioner to file a *pro se* petition. (*Reply*, Ex. G.) On November 15, 2007, the extension of time was granted and Petitioner was ordered to file his PCR petition by December 28, 2007. (*Id.*) No further action was taken in the case and, by motion dated June 3, 2008, the state sought dismissal of the PCR petition based on Petitioner's failure to prosecute the action. (*Reply*, Ex. H.) On June 25, 2008, the order granting the motion was signed, but the certificate of service indicates that it was not sent to Petitioner's counsel until August 20, 2008. (*Id.*)

4

On August 17, 2009, Petitioner filed the instant habeas petition, which alleges the following bases for relief:

> **Ground One:** Use as an aggravation factor of an element of one form of assault to aggravate the sentence for another form of aggravated assault is improper.
>
> **Ground Two:** "Criminal History" is different from "prior convictions" and must be determined by a jury before it can be used to aggravate a sentence. Even if a prior conviction can be found by a judge the remaining factor, the violence of the attack, must be determined by a jury.
>
> **Ground Three:** For the purposes of "Henderson" fundamental error review, a court cannot determine beyond a reasonable doubt that a jury would find a subjective, non-enumerated aggravating factor such as the violence of an inherently violent aggravated assault with serious physical injury.

*Petition*, pp. 5-8.

## II.  LEGAL DISCUSSION

### A.  The petition is untimely.

Respondents contend that Petitioner's Petition is untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitation on state prisoners seeking federal habeas relief from their state convictions. *See Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). The statutory tolling provisions of AEDPA provide that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). *See also Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

Here, the dispute centers on whether Petitioner's PCR Petition, which was dismissed based on Petitioner's failure to prosecute, was "properly filed" such that Petitioner is entitled to tolling for the period of its pendency. There is no dispute regarding the significant dates relevant to the determination. Petitioner filed a timely notice of post-conviction relief on May 1, 2007. (Ex. F.) On November 7, 2007, Petitioner's counsel filed a Notice of Review

5

indicating that she was unable to find any claims for relief to raise in Rule 32 post-conviction proceedings and requesting an extension of time for Petitioner to file a petition *pro se* if he wished to do so. (*Reply*, Ex. H.) The extension was granted allowing Petitioner to file his petition by December 28, 2007. (*Id*.) Subsequently, nothing was filed and by order dated June 25, 2008, and served on August 20, 2008, the petition was dismissed. Petitioner filed the instant Petition on August 17, 2008.

Under these facts, for the instant Petition to be considered timely filed, his PCR petition must be found to have been properly filed and pending through August 20, 2008, the date the order dismissing the case was served on Petitioner. Respondents contend that the PCR was not properly filed because it did not comply with state procedural requirements. Specifically, Respondents point to Rule 32.4(c) of the Arizona Rules of Criminal Procedure, which provides that a defendant "shall have sixty days to file a petition from the date the notice is filed." Under Arizona law, the failure to comply with that Rule 32 procedures will result in a finding that the petitioner waived his right to present a Rule 32 petition. *State v. Carriger*, 143 Ariz. 142, 146, 692 P.2d 991, 996 (1984) (citations omitted). Under these provisions, Petitioner waived his right to file a PCR petition when he missed the filing deadline of December 28, 2007. A state petition that is not filed within the state's required time limit is not considered "timely filed" and is therefore not entitled to statutory tolling. *Pace v. Guglielmo*, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. If it were not so, the filing of a notice of PCR without ever filing the actual petition "would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." *Id*. at 413.

There is also a separate reason for finding that the notice of PCR did not toll the AEDPA statute of limitation. In *Hemmerle v. Schriro*, 495 F.3d 1069 (9th Cir. 2007), the Ninth Circuit reiterated that

> in Arizona, post-conviction "proceedings begin with the filing of the Notice." Thus, where notice is filed in conformity with

> the pertinent Arizona statutory provisions and contains a specific prayer for relief in the form of a request for a new trial, "it is sufficient to toll the AEDPA statute of limitations."

*Id*. at 1074. (internal citations omitted) (quoting *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). At least in this case, *Hemmerle* requires a finding that the PCR should be treated as if it were never filed. In *Hemmerle,* the Ninth Circuit required that for the tolling of the AEDPA statute of limitations, not only did the notice of PCR have to be filed, but that it contain "a specific prayer for relief in the form of a request for a new trial . . . ." 495 F.3d at 1074. A review of the notice filed in this case discloses that no such prayer or request for a new trial was included. The notice identifies the Petitioner and his address, the crimes for which he was convicted, some procedural history and the identity of his counsel. (Ex. F.) Without the prayer and request, or the timely filing of the petition, statutory tolling is unavailable. As Respondents note, this is a logical conclusion because to find otherwise would provide habeas petitioners with a method of tolling the AEDPA statute of limitations without actually alleging any defect in the proceedings leading to conviction.

As the PCR petition was never properly filed, the AEDPA statute of limitations commenced to run on April 13, 2007, which was the date 30 days after the Arizona Supreme Court issued the mandate finalizing Petitioner's conviction on direct appeal. As Petitioner did not file his habeas petition until August 17, 2009, it is untimely and must be dismissed unless Petitioner can establish that he is entitled to equitable tolling.

**B.     The petition is not subject to equitable tolling.**

The one-year statute of limitation may be subject to equitable tolling Petitioner can establish: "(1) that eh has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner bears the burden of alleging facts that would give rise to equitable tolling. *Id*. Here, in his Reply, Petitioner's arguments relate to the time and difficulty encountered by he and his counsel in reviewing the record and researching his claims. These are challenges encountered by virtually every habeas petitioner and patently do not amount to extraordinary

circumstances that would support equitable tolling of the limitations period.

        **C.     Petitioner's request for a stay is moot.**

Petitioner requests that this matter be stayed so that he can exhaust a "recently discovered" claim that he was convicted by and eight person jury in violation of Arizona law. The purpose of granting a stay of habeas proceedings is to permit a petitioner to exhaust in state court previously unexhausted claims in order that they may ultimately be amended to the already pending federal petition. *See Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *abrogated on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). As discussed above, however, the instant petition is untimely and must be dismissed. As such, there are no claims to be stayed or to which the proposed claim, once exhausted, can relate back for purposes of the AEDPA statute of limitations. Therefore, Petitioner's motion to stay this action is moot.

**III.    RECOMMENDATION**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus filed August 17, 2009 [Docket No. 1], and **DENY AS MOOT** Petitioner's Motion for Request Stay [Docket No. 11].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(a) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 09-446-TUC-CKJ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.

*See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 19th day of February, 2010.

Jacqueline Marshall
United States Magistrate Judge