| | |
|---|---|
| VICTOR ANTONIO PARSONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. CIV 09-446-TUC-CKJ (JM) |
| vs. | ) |
| | ) |
| CHARLES L. RYAN, *et al.*, | ) **ORDER** |
| | ) |
| Respondents. | ) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

On February 19, 2010, Magistrate Judge Jacqueline Marshall issued a Report and Recommendation [Doc. # 13] in which she recommended that the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Victor Antonio Parsons ("Parsons") on August 17, 2009, be dismissed with prejudice and recommended that Parson's Motion for Request Stay in Abeyance for Writ of Habeas Corpus [Doc. # 11] be denied as moot. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within ten days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b). 28 U.S.C. § 636(b)(1) now provides that a party may serve and file objections within 14 days after being served with a copy of the Report and Recommendation. No objections have been filed within the time provided.

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C.

§ 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). In other words, if there is no objection to a magistrate judge's recommendation, then this Court may accept the recommendation without review. *See e.g., Johnstone*, 263 F.Supp.2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In this case, Parsons has not filed an objection to the magistrate judge's Report and Recommendation. Although Parsons has not filed an objection, the Court has reviewed the Report and Recommendation and finds that it is well-taken. The Court will accept the Report and Recommendation, dismiss the Petition, and deny the Motion for Request Stay.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking

a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The magistrate judge determined, and this Court accepted, that the Petition is untimely under one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act. The magistrate judge further determined, and this Court accepted, that the Petition is not subject to equitable tolling. The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Parson's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 13] is ADOPTED.

2. The Motion for Request Stay in Abeyance for Writ of Habeas Corpus [Doc.

1  # 11] is DENIED AS MOOT.
2. 3. Parson's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DISMISSED WITH PREJUDICE;
3. 4. The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;.
4. 5. A Certificate of Appealability shall not issue in this case.

DATED this 23rd day of March, 2010.

_____
Cindy K. Jorgenson
United States District Judge