**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VICTOR A. PARSONS,<br><br>  Petitioner,<br><br>vs.<br><br>CHARLES L. RYAN, et al.,<br><br>  Respondents. | CV 09-0446-TUC-CKJ (JJM)<br><br>**ORDER** |

Pending before the Court is the Petition for Writ of Habeas Corpus ("Petition") [Doc. 1] filed by Victor A. Parsons ("Parsons") and Parsons's Motion for Request to Stay [Doc. 11]. Respondents have filed an Answer ("Answer") [Doc. 8] and Parsons has filed a Reply [Doc. 12]. On February 19, 2010, Magistrate Jacqueline Marshall issued a Report and Recommendation [Doc. 13] in which she recommended that the District Court, after its independent review, dismiss with prejudice Parsons's Petition [Doc. 1] and deny as moot Parsons's Motion for Request to Stay [Doc. 11]. Parsons has filed an Objection and Respondents have filed a Response. After its independent review, the Court DISMISSES with prejudice Parsons's Petition for Writ of Habeas Corpus [Doc. 1] and DENIES as moot Parsons's Motion for Request to Stay [Doc. 11].

*Factual and Procedural Background*

On June 14, 2001, Parsons was found guilty of aggravated assault, deadly weapon/dangerous instrument, and aggravated assault, serious physical injury. Answer, Ex. A, p. 3. The Arizona Court of Appeals described the facts underlying the convictions as

follows:

> Parsons's conviction arose from a domestic dispute with his girlfriend in July 2000, in which a neighbor attempted to intervene. When the neighbor, D., saw Parsons arguing with his girlfriend and pressing his knee into her shoulder, D. sprayed pepper spray on Parsons. Parsons then stabbed D. five times with a "nine inch hunting knife," causing injuries that included a collapsed lung.

Answer, Ex. C, p. 2.

On August 18, 2006, the Arizona Court of Appeals affirmed Parsons's convictions and sentence by Memorandum Decision. *Id.* at 9. Despite finding error regarding the trial court's consideration of the infliction of serious physical injury under A.R.S. § 13-702(C)(1) and the use of a deadly weapon under A.R.S. § 13-702(C)(2) as aggravating circumstances, the Arizona Court of Appeals found no basis to reverse Parsons's convictions or sentence. On March 13, 2007, the Arizona Supreme Court denied review without comment. Answer, Ex. E.

On May 1, 2007, Parsons filed a Notice of Post-Conviction Relief pursuant to Ariz. R. Crim. P. 32. Answer, Ex. F. On November 7, 2007, appointed counsel filed a notice of review indicating counsel had found no claims for relief to raise in Rule 32 post-conviction proceeding; counsel requested additional time for Parsons to file a *pro se* petition. Reply, Ex. G. On November 15, 2007, the extension of time was granted and Parsons was ordered to file his post-conviction relief petition by December 28, 2007. *Id.* Although Parsons asserts, in his objection, that further action was taken after the December 28, 2007, deadline, he alleges no further actions taken in the post-conviction proceedings.[1] On June 3, 2008, the state filed a motion to dismiss the post-conviction relief petition based on Parsons's failure to prosecute the action. Reply, Ex. H. On June 25, 2008, an order granting the motion was signed, but the certificate of service indicates that it was not sent to Parsons's counsel until August 20, 2008. *Id.*

On August 17, 2009, Parsons filed the instant habeas petition, which alleges the

---

[1] Indeed Parsons stated that he found no grounds to raise in the post-conviction proceedings. Petition, p. 4.

- 2 -

following grounds for relief:

> Ground One: "Use as an aggravating factor of an element of one form of assault to aggravate the sentence for another form of aggravated assault is improper[.]"
>
> Ground Two: "'Criminal History' is different from 'prior convictions' and must be determined by a jury before it can be used to aggravate a sentence. Even if a prior conviction can be found by a judge the remaining factor, the violence of the attack, must be determined by the jury."
>
> Ground Three: "For the purposes of 'Henderson' fundamental error review, a court cannot determine beyond a reasonable doubt that a jury would find a subjective, non-enumerated aggravating factor such as the violence of an inherently violent aggravated assault with serious physical injury."

Petition [Doc. 1], pp. 6-8.

*Statute of Limitations*

The court agrees with the magistrate judge that Parsons waived his right to file a post-conviction relief petition when he missed the filing deadline of December 28, 2007. Arizona R. Crim. P. 32.4(c) states, "a defendant proceeding without counsel shall have sixty days to file a petition from the date the notice is filed...." Under Arizona law, the failure to comply with Rule 32 procedures results in a finding that the petitioner waived his right to present a Rule 32 petition. *State v. Carriger*, 143 Ariz. 142, 146, 692 P.2d 991, 996 (1984) (citations omitted). A state petition that is not filed within the state's required time limit is not considered "timely filed" and is therefore not entitled to statutory tolling. *Pace v. Guglielmo*, 544 U.S. 408, 413 (2005). If it were not so, the filing of a notice of post-conviction relief without ever filing the actual petition "would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of Antiterrorism and Effective Death Penalty Act ("AEDPA"), and open the door to abusive delay." *Id.* at 413.

Moreover, in order to toll the AEDPA statute of limitations, the Ninth Circuit has required that a defendant not only file a notice of post-conviction relief, but also that the notice contain "a specific prayer for relief in the form of a request for a new trial . . . ." *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007). "[I]n Arizona, the framework for collateral review requires the filing of preliminary notice to begin the proceedings; it also

presupposes that an actual petition will be forthcoming." *Id.* at 1076. Indeed, the post-conviction relief notice form does not include a prayer for relief because the notice must be followed by a petition that "include[s] every ground known to him or her for vacating, reducing, correcting or otherwise changing all judgements or sentences imposed upon him or her." Ariz. R. Crim. P. 32.5. In this case, *Hemmerle* requires a finding that the post-conviction relief should be treated as if it were never filed because a notice of post-conviction relief without a specific prayer for relief is not a pleading.

As the magistrate judge stated:

> A review of the notice filed in this case discloses that no such prayer or request for a new trial was included. The notice identifies Parsons and his address, the crimes for which he was convicted, some procedural history and the identity of his counsel. (Respt.'s Answer to Pet. for Writ of Habeas Corpus Ex. F.) Without the prayer and request, or the timely filing of the petition, statutory tolling is unavailable. As Respondents note, this is a logical conclusion because to find otherwise would provide habeas petitioners with a method of tolling the AEDPA statute of limitations without actually alleging any defect in the proceedings leading to conviction.

Report and Recommendation, p. 7.

Because the post-conviction relief petition was never properly filed, the AEDPA statute of limitations commenced to run on April 13, 2007, which was the date 30 days after the Arizona Supreme Court issued the mandate finalizing Parsons's conviction on direct appeal. Parsons's habeas petition was not filed until August 17, 2009; therefore the petition is untimely and must be dismissed unless Parsons can establish that he is entitled to equitable tolling.

*Equitable Tolling of Limitations Period*

The Supreme Court recently held that the AEDPA statute of limitations is subject to equitable tolling. *See Holland v. Florida*, 130 S.Ct. 2549 (2010). The one-year statute of limitations may be subject to equitable tolling if Parsons can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner bears the burden of alleging facts that would give rise to equitable tolling. *Id.*

The Ninth Circuit Court of Appeals has found that equitable tolling is not available in most cases, "as extensions of time will only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). Parsons argues that the time and difficulty encountered by he and his counsel in reviewing the record and researching his claims entitles him to equitable tolling. However, the court agrees with the magistrate judge that these are challenges encountered by virtually every habeas petitioner and do not amount to extraordinary circumstances that would support equitable tolling of the limitations period.

To the extent that Parsons faults counsel for failing to advise him once his Rule 32 petition was dismissed, he fails to state a valid federal claim. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel."); *see also Porter v. Ollison*, — F.3d —, 2010 WL 2947257 * 5 (9th Cir. July 29, 2010). The alleged failings of counsel are not an "extraordinary circumstance" entitling defendant to equitable tolling of the statute of limitation. Rather, it appears that Parsons's lack of diligence caused his failure to meet the AEDPA's one year statute of limitations. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling is only appropriate where "external forces, rather than petitioner's lack of diligence, account for the failure to file a timely claim."). Indeed, Parsons has not presented any reason why he did not diligently contact counsel or the court to ascertain the status of the proceedings.

Parsons appears to argue in his Objection [Doc. 19] that his lack of access to legal research warrants equitable tolling. However, lack of access to library material does not automatically qualify as grounds for equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), *as amended*. Indeed, in *Hendon v. Walker*, 278 Fed.Appx. 762 (9th Cir. 2008), the court found a petitioner's argument was insufficient to warrant equitable tolling where he asserted that his use of the law library was restricted and he was physically unable to file any habeas petitions. Parsons has provided no details as to his lack of access

- 5 -

to legal materials. *See e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008 (9th Cir. 2009). Indeed, prison official are permitted to regulate the time, manner, and place in which library facilities are used. *See e.g., Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851 (9th Cir. 1985). Moreover, Parsons' lack of legal education does not present an extraordinary circumstance. *See e.g., Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of law does not warrant equitable tolling).

It is Parsons's burden to establish equitable tolling and he has not provided any basis to show that he is entitled to equitable tolling. Parsons has failed to meet the "very high threshold," *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004), of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition *and* that those extraordinary circumstances were the cause of his untimeliness. Rather, it appears that Parsons's lack of diligence caused his failure to meet the AEDPA's one year statute of limitations. The Court finds Parsons is not entitled to equitable tolling of the AEDPA statute of limitations.

*Parsons's Request for Stay*

Parsons requests that this matter be stayed so that he can exhaust a "recently discovered" claim that he was convicted by an eight person jury in violation of Arizona law. However, as stated by the magistrate judge, "the purpose of granting a stay of habeas proceedings is to permit a petitioner to exhaust in state court previously unexhausted claims so that these previously unexhausted claims may ultimately be amended to the already pending federal habeas petition." Report and Recommendation, p. 7, *citing Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *abrogated on other grounds*; *see generally Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000). However, as discussed above, the instant petition is untimely and must be dismissed. Consequently, these previously unexhausted claims cannot be amended to a pending federal petition. Therefore, Parsons's motion to stay this action is

moot.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Additionally,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

This Court determined that Parsons's Petition is untimely under the one-year statute of limitations of the AEDPA. This Court further determined that Parsons has failed to establish that he is entitled to equitable tolling. The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Parsons's claims.

1 | Any further request for a COA must be addressed to the Court of Appeals. *See* Fed.
2 | R. App. P. 22(b); Ninth Circuit R. 22-1.
3 | Accordingly, IT IS ORDERED:
4 | 1. The Report and Recommendation [Doc. 13] is ADOPTED.
5 | 2. Parsons' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a
6 | Person in State Custody [Doc. 1] is DISMISSED WITH PREJUDICE;
7 | 3. Parsons' Motion for Request to Stay [Doc. 11] is DENIED AS MOOT;
8 | 4. The Clerk of the Court shall enter judgment and shall then close its file in this
9 | matter, and;
10 | 5. A Certificate of Appealability shall not issue in this case.
11 | DATED this 5th day of August, 2010.

_____
Cindy K. Jorgenson
United States District Judge